Paul D. Sarkozi
Alan Tenenbaum
TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
(212) 508-6700
Attorneys for Plaintiffs NIKE, Inc.
and NIKE USA, Inc.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIKE, INC. and NIKE USA, INC.,

    Plaintiffs,

-against-

REEBOK INTERNATIONAL LTD.,

    Defendant.

Civil Docket No. 12 Civ 2275

**ORDER TO SHOW CAUSE
WITH TEMPORARY
<u>RESTRAINING ORDER</u>**

This matter having been brought to the Court by Tannenbaum Helpern Syracuse & Hirschtritt LLP, attorneys for Plaintiffs NIKE, Inc. and NIKE USA, Inc. (collectively "NIKE"), and upon written notice of this Motion being given to defendants Reebok International Ltd. ("Reebok" or "Defendant") as set forth in the accompanying Fed. R. Civ. P. 65 Certification; and it appearing to the Court from the facts alleged in the Complaint, the Declaration of Paul D. Sarkozi, the Declaration of Randall Todd Burdette, the Declaration of Keith Gordon, the Declaration of Wendy M. Kirk, the Declaration of Nathan C. Brunette, and the accompanying Memorandum of Law; that immediate and irreparable harm will be caused to NIKE before a hearing may be held on this Motion; and for other good cause appearing for the entry of this Order it is hereby

**ORDERED** that sufficient reason having been shown therefore, pending the hearing and determination of this motion for preliminary injunction, Defendant, and all persons acting in concert with it, be, and hereby are, temporarily restrained and enjoined until further Order of the Court as follows:

1. As used in this restraining order, the term "Unauthorized Tebow Product(s)" means any athletic and casual apparel product sold or distributed by, manufactured by or for, or in the possession or control of Reebok with the name "Tebow" printed on it. "Unauthorized Tebow Product" includes the New York Jets-related apparel with the Tebow name on it that has been, or is being, manufactured by or for Reebok, and that is currently being distributed and sold by or for the benefit of Reebok. "Unauthorized Tebow Product" does not include any Denver Broncos-related apparel marked with the Tebow name that was manufactured by or for Reebok on or before March 1, 2012 so long as (i) the use of Tebow's name for that purpose was and is authorized under the terms of a valid license from the NFL Players, and (ii) Reebok is licensed to distribute and sell Broncos-related merchandise that was marked with Tebow's name prior to March 1, 2012.

2. Reebok, together with its agents, officers, employees, and its affiliated businesses, and those acting in active concert with them, are restrained from:

    (a) Manufacturing, causing to be manufactured, selling, attempting to sell, causing to be sold, permitting any other individual or entity to sell, distributing, promoting, marketing, and advertising an Unauthorized Tebow Product;

    (b) Taking or accepting orders for any Unauthorized Tebow Product; and

    (c) Causing or authorizing Unauthorized Tebow Product to be shipped or delivered to anyone other than for the destruction or withdrawal of such goods from distribution;

3. Reebok, together with its agents, officers, employees, and its affiliated businesses, and those acting in active concert with them, are ordered to:

(a) Advise all retailers and distributors carrying Unauthorized Tebow Products that this injunction has issued and inform them that distributing and selling Unauthorized Tebow Products may expose them to liability;

(b) Offer to repurchase all Unauthorized Tebow Products from resellers, vendors and distributors at not less than the price paid for the Unauthorized Tebow Products;

(c) Recall all Unauthorized Tebow Product currently in distribution channels controlled by Reebok; and

(d) ~~Destroy all Unauthorized Tebow Products that are now in, or hereafter come into, Reebok's custody, possession or control.~~

**IT IS FURTHER ORDERED** that Defendant show cause before this Court on the 4th day of April, 2012 at the United States Courthouse for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 12C at 10:30 a.m./~~p.m.~~, or as soon thereafter as counsel may be heard, why an Order should not be issued against the Defendant pursuant to Rule 65 of the Federal Rules of Civil Procedure to continue the temporary restraints as set forth above during the pendency of this action; and

**IT IS FURTHER ORDERED** that Plaintiffs are required to post undertaking or bond in the amount of $80,000 pursuant to Fed. R. Civ. P. 65(c) by March 30, 2012

**IT IS FURTHER ORDERED** that service of this Order and Plaintiffs' supporting papers and the Summons and Complaint be effected by personal service or overnight delivery upon the Defendant, or upon their attorney(s), on or before the 30th day of March 2012; and

3

**IT IS FURTHER ORDERED** that Defendant shall serve and file its papers in opposition to Plaintiffs' motion for a preliminary injunction, if any, on or before 2 pm of on April 3, 2012; and

~~IT IS FURTHER ORDERED that Plaintiff shall serve and file its reply papers in further support of its motion for a preliminary injunction, if any, on or before _____, 2012.~~

IT IS SO ORDERED this 28th day of March, 2012.

_____
U.S. DISTRICT COURT JUDGE