UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIKE, INC. and NIKE USA, INC.,

    Plaintiffs,

    -against-

REEBOK INTERNATIONAL LTD.,

    Defendant.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4-6-12_

**12 Civ 2275 (PKC) (RLE)**

**[PROPOSED] PRELIMINARY INJUNCTION ORDER**

This matter having been brought to the Court by Tannenbaum Helpern Syracuse & Hirschtritt LLP, and Stoel Rives, LLP, attorneys for Plaintiffs' NIKE, Inc. and NIKE USA, Inc. (collectively "NIKE" or "Plaintiffs"), against defendant Reebok International Ltd. ("Reebok" or "Defendant"); and this Court having previously issued a Temporary Restraining Order against Defendant; and having considered the facts alleged in the Complaint, the memoranda filed by the parties, and the evidence submitted and relied upon by both parties in connection with the application for a TRO and a Preliminary Injunction, including the Declarations of Paul D. Sarkozi, Randall Todd Burdette, Keith Gordon, Wendy M. Kirk, Nathan C. Brunette and Randolph C. Foster, and Affidavits of Blake Lundberg, Kenneth P. Gamble, Sol Werdiger, and Julian Friedman, all other evidence filed or entered in the above captioned case, and the testimony, evidence and argument presented at the Preliminary Injunction Hearing held before the Honorable P. Kevin Castel on April 4, 2012; and this Court, having determined on the basis of this record that NIKE has established (1) a likelihood of success on the merits, (2) immediate and irreparable harm in the absence of injunctive relief, (3) the balance of hardships tips in favor of NIKE and (4) an injunction is consistent with the public interests; and based upon the findings

of this Court as set forth on the record at the April 4, 2012 preliminary injunction hearing it is hereby

**ORDERED** that Defendant, and all persons acting in concert with it, be, and hereby are, preliminarily restrained and enjoined by the Court as follows:

1.      As used in this Order, the term "Unauthorized Tebow Product(s)" means any athletic and casual apparel product sold or distributed by, manufactured by or for, or in the possession or control of Reebok with the name "Tebow" printed on it. "Unauthorized Tebow Product" includes the New York Jets-related apparel with the Tebow name on it that has been, or is being, manufactured by or for Reebok, and that is currently being distributed and sold by or for the benefit of Reebok. "Unauthorized Tebow Product" does not include any Denver Broncos-related apparel marked with the Tebow name that was manufactured by or for Reebok on or before March 1, 2012 so long as (i) the use of Tebow's name for that purpose was and is authorized under the terms of a valid license from the NFL Players, and (ii) Reebok is licensed to distribute and sell Broncos-related merchandise that was marked with Tebow's name prior to March 1, 2012.

2.      Reebok, together with its agents, officers, employees, and its affiliated businesses, and those acting in active concert with them, are restrained and enjoined from:

(a)      Manufacturing, causing to be manufactured, selling, attempting to sell, causing to be sold, permitting any other individual or entity to sell, distributing, promoting, marketing, and advertising an Unauthorized Tebow Product;

(b)      Taking or accepting orders for any Unauthorized Tebow Product; and

(c)      Causing or authorizing Unauthorized Tebow Product to be shipped or

2

delivered to anyone other than for the destruction or withdrawal of such goods from distribution;

     3.    Reebok, together with its agents, officers, employees, and its affiliated businesses, and those acting in active concert with them, are ordered to:

     (a)    Advise all retailers and distributors carrying Unauthorized Tebow Products that this injunction has issued and inform them that distributing and selling Unauthorized Tebow Products may expose them to liability;

     (b)    Offer to repurchase all Unauthorized Tebow Products from resellers, vendors and distributors at not less than the price paid for the Unauthorized Tebow Products; and

     (c)    Recall all Unauthorized Tebow Product currently in distribution channels controlled by Reebok; and

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 65(c), Plaintiffs shall post an additional undertaking or bond in the amount of $40,000, for a total bond of $120,000, on or before April 9, 2012; and

**IT IS FURTHER ORDERED** that this injunction shall continue until judgment is entered in this Action unless modified by further Order of this Court.

IT IS SO ORDERED this ___ day of April, 2012.

_____
JUDGE P. KEVIN CASTEL
UNITED STATES DISTRICT COURT JUDGE